IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:21 CR 123 |
| Plaintiff, | ) | JUDGE: JOHN ADAMS |
| vs. | ) | |
| GARNELL JAMISON, | ) | MOTION REQUESTING WALLER V. GEORGIA FINDINGS |
| Defendant. | ) | |

In the pandemic trial walk-through conducted by this Court's staff on June 8, 2021, it appeared that the public may not be permitted to attend the trial in the actual courtroom. If counsel understood correctly, the public would be able to view the trial, but from a circuit feed within the courthouse.

In *Waller v. Georgia*, 467 U.S. 39, 44-47, 104 S.Ct. 2210 (1984) the Supreme Court established the rule that if a court chose to limit trial attendance, the court must make findings as to why the restriction was required and that the restriction was no more than necessary. It is understood here that the pandemic, in the view of the Northern District of Ohio, requires precautions of this nature. This may be accurate, but such findings must be made to avoid possible future review of the decision to restrict the in person attendance by the public.

It is also understood that restrictions may be lifted or changed by the date of the trial, but in precaution, Waller findings are requested.

This motion is more fully addressed in the attached Memorandum in Support.

Respectfully submitted,

S/ David L. Doughten
David L. Doughten
4403 St. Clair Ave.
Cleveland, OH 44103
(216) 361-1112
(216) 881-3928 Fax
ddoughten@yahoo.com

Attorney for Defendant Jamison

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2021, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent by operation of the Court's electronic filing system

S/ David L. Doughten
David L. Doughten

Attorney for Defendant Jamison

**Memorandum in Support**

The Sixth Amendment protects the accused's right to a public trial. *Waller v. Georgia,* 467 U.S. 39, 44-47, 104 S.Ct. 2210 (1984). This right helps to ensure "that judge and prosecutor carry out their duties responsibly and encourages witnesses to come forward and discourages perjury *Id.* at 46, 104 S.Ct. 2210. " 'The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions.... ' " *Id.*, at 46, (quoting *In re Oliver*, 333 U.S. 257, 270, n. 25, 68 S.Ct. 499, 506, n. 25 (1948), in turn quoting T. Cooley, Constitutional Limitations 647 (8th ed. 1927)).

Although the right to an open trial may give way in certain cases to other rights or interests *Id.* at 45, 104 S.Ct. 2210, "[s]uch circumstances will be rare, however, and the balance of interests must be struck with special care." *Id.* According to the Court:

> The presumption of openness may be overcome *only* by an overriding interest *based on findings* that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.*

*Id.* (quoting *Press-Enterprise Co. v. Superior Ct. of Cal.,* 464 U.S. 501, 510, 104 S.Ct. 819 (1984)). (Emphasis added).

The *Waller* Court identified four requirements, important though not particularly onerous, that must be met before public access to a criminal proceeding may be denied:

1. The party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced,

2. The closure must be no broader than necessary to protect that interest,

> 3. The trial court must consider reasonable alternatives to closing the proceeding, and;
>
> 4. It must make findings adequate to support the closure.

*Id.* at 48, 104 S.Ct. at 2216 (citing *Press-Enterprise I,* 464 U.S. at 510-13, 104 S.Ct. at 824-26); *see Vidal v. Williams,* 31 F.3d 67, 69 (2d Cir.1994), *cert. denied,* 513 U.S. 1102, 115 S.Ct. 778 (1995); *Woods v. Kuhlmann,* 977 F.2d 74, 76 (2d Cir.1992).

The *Waller* Court clearly intended to establish such a 'general' framework to be followed in *all* courtroom closure cases as evidenced from *Waller*'s second mandate– that the closure be "*no broader than required* to protect the overriding interest at stake." This principle applies necessarily to both the duration of the closure and to the portion of the public to be excluded. *See Yung v. Walker,* 341 F.3d 104, 110-111 (2nd Cir. 2003) ("Thus, *Waller* prevents a court from denying a family member's request to be exempted from a courtroom closure order unless the court is convinced that the exclusion of that particular relative is necessary to protect the overriding interest at stake. Indeed, it would be an unreasonable interpretation of *Waller* for a court to deny such a request if the exclusion of that particular relative, under the specific circumstances at issue, is not necessary to promote the overriding interest.").

*Waller* itself makes this reading clear in the relief granted:

> The case is remanded to the state courts *to decide what portions*, if any, of the new suppression hearing may be closed to the public in light of conditions at the time of that hearing.

467 U.S. at 40. (Emphasis added).

> The court did not consider alternatives to immediate closure of the entire hearing: directing the government to provide more detail about its need for closure, in camera if necessary, *and closing only those parts of the hearing that jeopardized the interests advanced.* As it turned out, of course, *the closure was far more extensive than necessary.*

*Id.*, at 48. (Emphasis added):

Thus, *Waller* makes clear that both partial and total closures burden the defendant's constitutional rights, and before either is undertaken, a court must hold a hearing and articulate on the record specific findings. *See also, Douglas v. Wainwright*, 739 F.2d 531, 532 (11th Cir. 1984).

The current post-pandemic situation is clearly unique and has not previously specifically addressed by the Supreme Court. The closure may be necessary for public health reasons for all involved. However, neither Waller nor Presley v. Georgia, 558 U.S. 209 (2010), allows a specific exception for public health reasons. In fact in Presley, the Supreme Court firmly established that the public has a First Amendment right to be present at criminal trials regardless of whether that right has been asserted by the defendant. Id, 214-15.

Because this is a unique situation, and because any closure of a public trial may result in an appellate challenge, be it against the Court or counsel for failing to make a request for Waller findings, such a request is being made here.

Respectfully submitted,

S/ David L. Doughten
David L. Doughten
4403 St. Clair Ave.
Cleveland, OH   44103
(216) 361-1112
(216) 881-3928 Fax
ddoughten@yahoo.com

Attorney for Defendant Jamison